**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WENDELL CLARK TANNER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TRACY McCOLLUM, Warden, )<br>)<br>Respondent. ) | Case No. 12-CV-150-GKF-PJC |

### OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 7) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his sentence entered in Delaware County District Court, Case No. CF-2009-202. See Dkt. #1. The record reflects that on July 14, 2009, the state district court found Petitioner guilty after accepting his plea of guilty to Domestic Abuse -- Assault and Battery, Second and Subsequent Against a Pregnant Woman, a Felony. See Dkt. # 6, Ex. 1. On that date, Petitioner was sentenced to forty-five (45) years imprisonment, all time suspended. Id. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals (OCCA). See id.

On November 24, 2009, the State filed an Application to Revoke Petitioner's suspended sentence. See Dkt. # 6, Ex. 2. The State alleged that Petitioner had violated numerous terms and conditions of his probation, including committing the offense of Assault and Battery upon a Police Officer, as later charged in Delaware County District Court, Case No. CF-2010-28. Id. On March 22, 2010, the district judge granted the State's application and revoked Petitioner's suspended sentence in full. Id. Petitioner appealed the revocation of his suspended sentence to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed April 11, 2011, in Case No. RE-2010-315 (Dkt. # 6, Ex. 2), the OCCA affirmed the district court's revocation order.

On March 1, 2011, Petitioner filed a motion for judicial review. See Dkt. # 6, Ex. 3. By Order filed two (2) days later, on March 3, 2011, the motion for judicial review was denied, see Dkt. # 6, Ex. 4, based on the District Attorney's objection to the motion.

On August 18, 2011, Petitioner filed a "motion to vacate and set aside excessive sentence of imprisonment and/or application for post-conviction relief." See Dkt. # 6, Ex. 5. The state district court denied the application by order filed September 6, 2011. See Dkt. # 6, Ex. 6. Petitioner appealed to the OCCA, and by order filed January 25, 2012, in Case No. PC-2011-897, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 6, Ex. 7.

On March 19, 2012, Petitioner filed his petition for writ of habeas corpus (Dkt. # 1). Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on March 14, 2012. Thus, under the prisoner mailbox rule, the earliest file date for this petition is March 14, 2012. See Houston v. Lack, 487 U.S. 266 (1988). In his petition, Petitioner raises one (1) claim: "Petitioner's right to due process was violated when state court gave a sentence not allowed by law." See Dkt. # 1.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Petitioner's habeas claim challenges the validity of his sentence, entered July 14, 2009, on his plea of guilty. As a result, his one-year limitations period began to run, under 28 U.S.C. § 2244(d)(1)(A), when his conviction became final. Because Petitioner failed to file a motion to withdraw his plea of guilty in Case No. CF-2009-202, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on July 24, 2009. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals (requiring the defendant to file an application to withdraw

plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction, including the claim raised in the instant petition, began to run on July 25, 2009. Absent a tolling event, a federal petition for writ of habeas corpus filed after Monday, July 26, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

On March 22, 2010, or prior to expiration of the AEDPA limitations period, the state district judge revoked in full Petitioner's suspended sentence. Petitioner appealed the revocation. On April 11, 2011, the OCCA affirmed the revocation order. The Court finds Petitioner's one-year limitations period was tolled during his challenge to the revocation order, or from March 22, 2010, through April 11, 2011, for a total of 385 days.[1] As a result, Petitioner's deadline for filing a timely habeas corpus petition was extended 385 days beyond July 26, 2010, or to August 15, 2011.

Petitioner continued to challenge his sentence by filing, on August 18, 2011, an application for post-conviction relief. That application was filed three (3) days after the federal limitations period expired on August 15, 2011. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on March 14, 2012, at the earliest, appears to be untimely.

---

[1] The Court notes that the pendency of the revocation appeal completely encompasses the pendency of Petitioner's motion for judicial review. That motion was filed on March 1, 2011, and denied two (2) days later, on March 3, 2011. Thus, crediting Petitioner with tolling for those two (2) days, see Wall v. Kholi, 131 S. Ct. 1278 (2011), does not impact the deadline for filing a timely habeas petition.

4

In response to the motion to dismiss, Petitioner first argues that his one-year limitations period did not begin to run until April 11, 2011, when the OCCA affirmed the district court's revocation order. See Dkt. # 7. The Court disagrees. Section 2244(d)(1)(A) provides that a judgment of conviction becomes final "by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(D). Petitioner does not challenge the legality of the revocation. Instead, he challenges the legality of his original sentence, as entered July 14, 2009, on his plea of guilty. He could have raised his challenge to his sentence by filing a motion to withdraw guilty plea followed by a certiorari appeal to the OCCA. Thus, Petitioner's conviction became "final" ten days after he was sentenced, or on July 24, 2009, when he failed to file a motion to withdraw his guilty plea. The fact that Petitioner challenged his sentence in his revocation appeal does not serve to extend or reset his federal limitations period. See Lowe v. Dinwiddie, 163 Fed. Appx. 747, 749 (10th Cir. Jan. 19, 2006) (unpublished)[2] (finding that a revocation did not bestow additional time for the petitioner to challenge his original sentence).

In his response (Dkt. # 7), Petitioner also takes issue with Respondent's statement that Petitioner was convicted under Okla. Stat. tit. 21, § 644(D), see Dkt. # 6 at 3. Although Petitioner is correct that his Judgment and Sentence references Okla. Stat. tit. 21, § 644(C), it also specifies that his crime was "Domestic Abuse - Assault and Battery, Second and Subsequent Against a Pregnant Woman, a Felony." See Dkt. # 6, Ex. 1. Significantly, however, this argument goes to the merits of Petitioner's claim challenging the legality of his sentence and does not impact the limitations deadline.

---

[2] Citation to unpublished opinion is for persuasive value. See 10th Cir. R. 32.1(A).

5

It is well established that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. As a result, Petitioner is not entitled to equitable tolling.

### *CONCLUSION*

The Court concludes that this petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations were debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

DATED THIS 21st day of December, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT